```
┌─────────────────────────────────────────────────────────────┐
│              NOT FOR PUBLICATION WITHOUT THE                  │
│              APPROVAL OF THE APPELLATE DIVISION               │
│                                                               │
│  This opinion shall not "constitute precedent or be binding   │
│  upon any court." Although it is posted on the internet, this │
│  opinion is binding only on the parties in the case and its   │
│  use in other cases is limited. R. 1:36-3.                    │
└─────────────────────────────────────────────────────────────┘
```

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1994-15T2

WILLIAM J. BRENNAN,

    Plaintiff-Appellant/
    Cross-Respondent,

v.

MIDDLESEX COUNTY PROSECUTOR'S
OFFICE and JAMES O'NEILL, Custodian
of Records for the Middlesex
County Prosecutor's Office,

    Defendants-Respondents/
    Cross-Appellants.

_____

    Submitted September 19, 2017 — Decided August 29, 2018

    Before Judges Reisner, Hoffman and Gilson.

    On appeal from Superior Court of New Jersey,
    Law Division, Middlesex County, Docket No.
    L-0293-15.

    Law Office of Donald F. Burke, attorneys for
    appellant/cross-respondent (Donald F. Burke
    and Donald F. Burke, Jr., on the brief).

    Thomas F. Kelso, Middlesex County Counsel,
    attorney for respondents/cross-appellants
    (Benjamin D. Leibowitz, Senior Deputy County
    Counsel, on the brief).

PER CURIAM

Plaintiff William J. Brennan appeals from an October 23, 2015 Law Division reconsideration order[1] that reversed and vacated previous orders compelling the Middlesex County Prosecutor's Office (MCPO) to produce mobile video recordings (MVRs) of all New Brunswick Police Department pursuits from "January 2004 to present," pursuant to the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13. The MCPO cross-appeals from an earlier Law Division order, asserting the court incorrectly found it created a list of cases utilizing Promis Gavel that involved the New Brunswick Police Department charging individuals with eluding an officer, N.J.S.A. 2C:29-2(b).[2]

We reject plaintiff's argument, and affirm the order under review. In light of that disposition, we find it unnecessary to address the cross-appeal. We therefore affirm on the appeal and dismiss the cross-appeal as moot.

On December 15, 2014, plaintiff sent an email to the MCPO requesting "[v]ideo and audio recording of police pursuits engaged in by members of the New Brunswick Police Department from January 2004 to present," in accordance with OPRA and the common law. Two

---

[1]  Plaintiff also appeals from a November 19, 2015 order denying his request for counsel fees.

[2]  Defendant asserts it did not produce the Promis Gavel list, but rather plaintiff obtained that list from a related civil proceeding.

days later, the MCPO custodian of records emailed plaintiff, explaining the MCPO did not "maintain a file on 'police pursuits,'" and "[t]he only way . . . to identify cases involving an eluding charge is to utilize the Judiciary Communications Network, commonly referred to as the [P]romis [G]avel computer system." However, he further explained the MCPO is not authorized to use Promis Gavel to research OPRA requests. He also advised the request would require "excessive research," and "these MVRs are exempt as criminal investigatory records . . . ."

The trial judge initially ordered the MCPO to produce the requested MVRs and awarded counsel fees, concluding the MVRs were not exempt from disclosure. The MCPO moved for reconsideration after we decided North Jersey Media Group, Inc. v. Township of Lyndhurst, and held that MVRs constitute exempt criminal investigatory records "when an officer turns on a mobile video recorder to document a traffic stop or pursuit of a suspected criminal violation of law." 441 N.J. Super. 70, 105 (App. Div. 2015), aff'd in part & rev'd in part on other grounds, 229 N.J. 541 (2017). The trial court granted the motion, and held, "Clearly[,] MVRs fall within the Appellate Division's understanding of the criminal investigatory record exception[,] and based on Lyndhurst[,] the MVRs produced by . . . [d]efendant

are exempt from disclosure."[3]    The judge ordered the MCPO to produce five emails about the videos, but denied counsel fees.

In June 2016, a different panel of this court disagreed with Lyndhurst, when it decided Paff v. Ocean County Prosecutor's Office, 446 N.J. Super. 163, 186 (App. Div.), rev'd, ____ N.J. ____ (2018).  On July 11, 2017, our Supreme Court issued its decision in Lyndhurst, affirming in part and reversing in part.  Relevant to the matter under review, the Court declined to address whether the MVRs in that case were "required by law," because the record lacked sufficient facts regarding the creation of the MVRs.  229 N.J. at 567-69.  Instead, the Court indicated it would address this issue when it decided Paff v. Ocean County Prosecutor's Office.  Ibid.  On August 13, 2018, the Court decided Paff, concurring "with the panel's dissenting judge that the MVR recordings were not 'required by law' within the meaning of N.J.S.A. 47:1A-1.1, that they constitute criminal investigatory records under that provision, and that they are therefore not subject to disclosure under OPRA." ____ N.J. ____ (slip op. at 4).

---

[3]   Just before plaintiff filed his appellate brief, the MCPO sua sponte turned over the subject videos, apparently in an attempt to render the appeal moot, and perhaps to resolve discovery disputes in a related civil rights case.  However, plaintiff continued with his appeal, seeking counsel fees.

The Court's holding in <u>Paff</u> defeats plaintiff's principal arguments on appeal that "the trial court erred in concluding the MVRs requested were exempt from disclosure as criminal investigatory records" and that he "is a prevailing party entitled to an award of reasonable [counsel] fees." The MVRs plaintiff sought here were created at a time when they were not required by law to be made. Moreover, given the broad request for MVRs related to "police pursuits," plaintiff's OPRA request, by its own phrasing, pertained to criminal investigations.

Plaintiff's brief also included an alternative argument, that the trial court "erred in not requiring the MVRs to be produced under the common law." In deciding the motion for reconsideration, the trial court stated, "With regard to the [c]ommon [l]aw [r]ight of [a]ccess, the [c]ourt is not persuaded to reconsider its previous denial. Plaintiff did not articulate a reason for seeking the tapes and therefore, the balance weighs in favor of the government's right of confidentiality." Plaintiff's brief fails to set forth any specific reasons presented to the trial court regarding his interest in reviewing the MVRs at issue. As the trial court correctly noted, "[p]laintiff . . . has articulated nothing more than his interest as a taxpayer."

To gain access to materials under the common law right of access: "(1) 'the person seeking access must establish an interest

in the subject matter of the material'; and (2) 'the citizen's right to access must be balanced against the State's interest in preventing disclosure.'" Mason v. City of Hoboken, 196 N.J. 51, 67 (2008) (quoting Keddie v. Rutgers, 148 N.J. 36, 50 (1997); see also Paff, ____ N.J. ____ (slip op. at 35). Because plaintiff failed to establish an interest in the MVRs, we affirm the trial court's rejection of plaintiff's request to gain access to the MVRs under the common law right of access.

Affirmed as to the appeal; the cross-appeal is dismissed as moot.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1994-15T2